Good morning. Good morning. Anna Rose Matheson on behalf of Appellant Lee Ping Shin. The primary question in this case is a simple issue of law reviewed in OVA. Under California law, does the transmutation statute control over the title presumption when the two statutes conflict outside of marital dissolution proceedings? The answer to that question is simple. Yes. The California Supreme Court has explicitly held that in a dissolution context, and there is no reason under California law to have a different result here. So the only remaining question before this court is whether the property is then 10 separate property. The answer to that is also simple. In the court, we only look at two documents in the record. Those are at ER 232 to 238 to reach this conclusion. Does any California court provide a transmutation that's both outside the marital context? Yes. All the time. In fact, the primary case interpreting the transmutation statute is the State of McDonald, which is a probate case rather than a marital dissolution proceeding. But not outside the marital context? Yes. So they have said as well these sites on that brief can give you those specific sites. In our reply brief, they have applied it. There was a creditor case that gave you those particular sites. But they have never given any indication that it would not be applied. And if you look at the statutory context, so the transmutation statute is in 852A, is the proceeding we're invoking here. 851, the one right before that, says transmutation statute applies. Modular transfer rules apply to transmutation. And 852D says that transmutation of real property is not effective as to third parties without notice unless recorded. So neither of those two statutes apply in this case, but both the statute before it and the subsection directly after the one we're invoking here are both instances where transmutation is essentially anticipated to apply outside of marital context. In addition, when the court in Vannelli took the aim to distinguish or reject part of the ruling of this court in Summers, it rejected Summers, of course, with a bankruptcy case and held that the transmutation statute didn't apply because it was a third-party purchase. In Vannelli, the California Supreme Court rejected Summers, quote, insofar as it extends from the transmutation requirements, purchases made by one spouse were third-party, unquote. If the transmutation statute simply didn't apply outside of marital context, that is, if it didn't apply in the bankruptcy context, then the California Supreme Court certainly wouldn't have gone to see that. It could have simply said, Summers was right, but for the wrong reasons. It's not because it's a third-party purchase, but because it's a third-party proceeding. And I'm... So this is filing the California Supreme Court decision. This is expressly involved in a dissolution proceeding. Yes. Yes, so Vannelli was a dissolution proceeding, but it distinguished this court's decision in Summers, which was a bankruptcy proceeding, and it rejects the Summers conclusion. I don't know about the rightful balance, but it sounds to me as if you're asking us to extend California law beyond what the California courts have done. No, we're absolutely not. The California courts certainly have never said the transmutation statute does not apply outside of marital context. Did he ever say that it does apply outside of marital context? But when you said, you know, for your quote, I would like you to find the strongest case that applies the transmutation concept outside of marital context. Can you give us that? Absolutely. But I will note, you said the probate context is not a marital dissolution proceeding. So... But it's still... Anyways, just give me a few of his cases. I certainly think those are his cases. I will give you an additional cite, but I would just like to note, I mean, probate proceedings involve all sorts of additional parties. It can involve parties outside the familial relationship. And... Is it in the case you cited? The state of McDonald's? Yes, there were other... There's a son that was pointing. And I will find you an additional cite there. But just looking at the same principles of California law that the California Supreme Court set out in Valley, every one of those would say that the transmutation statute should apply here. So... It involved how the husband's mentioned in the Hawaii proceeding that there was claims against him to me and still the marital context. Okay. Well, I will find additional cites. There certainly are other probate cases where that involved additional parties. But Valley, there is no reason under California law to... If you look at the statutory proceeding, there is no indication that it is limited to dissolution proceedings. A number of the other provisions of the family code say these provisions apply in dissolution proceedings. The transmutation statute is not one of them. Essentially, what Midland's asking is this court to read in a limitation into California law that's not in the terms of the statute and that no California court has ever held. And one of the other points that the California court's often looked to is does it make sense to have different results in dissolution or marital proceedings than other proceedings? Under Midland's proposed rule, a husband and wife could purchase, could use community property funds to purchase an asset but title it solely one spouse's name. So under Midland's proposed rule, a third-party creditor could never reach that asset because if the transmutation statute doesn't apply in creditor proceedings, the title perception would control since the asset is in one spouse's name alone. Creditors would not be able to access that asset to pay off the debts of the other spouse. But between those two spouses, it would continue to be community property. And on dissolution, the debtor spouse would be able to get a half interest amount. And that simply makes no sense and is inconsistent with what California has, how California has interpreted the law. So as noted, the transmutation statute was enacted after, and is more specific than the title presumption. And California courts have faced similar conflicts between transmutation statute and other statutory presumptions at every time, and how the transmutation statute is more specific. I'll reserve the remaining amount of time for rebuttal. Now I think I've answered your question. Thank you. Thank you, Your Honor. I am going to please the Court. My name is Jerome Long. I represent you and your family. Your Honor, I think that the... my colleague, counsel for Ellen's, is incorrect to suggest that there have been any California cases extending the concept in Valley to deal with... to say that the transmutation issue should apply outside of apparel context. Valley itself is very clear. The Supreme Court stated this is a case in apparel dissolution proceeding. The Supreme Court noted that numerous times throughout its ruling, specifically in the... in its holding, the Supreme Court said in a apparel dissolution proceeding, and I'll get to the specific holding, which my question is, did you explicitly infuse it? So in its holding, did you explicitly say in this apparel dissolution proceeding, not only did the Court describe the facts in the apparel dissolution proceeding, and further give its holding in an apparel dissolution proceeding, it explicitly gave its policy reasons behind the... its ruling. And those policy reasons were to avoid perjurious and unreliable testimony in the context of a apparel dissolution proceeding and a dispute between spouses. Now... Your Honor, as the Court noted, that was a dispute between spouses. There has been no California case that I've seen that suggests that the title presumption should not apply outside of the issue of a dispute between spouses. Your Honor, the... what counsel is suggesting, she alludes to sections 851 and 852 of the California Family Code, which deal with... which are the transmutation statutes, and she's suggesting that because there are allusions to third parties in those statutes, that somehow those are the only protections that creditors are supposed to have with those statutes, one in particular which says that it does not apply, that the transmutations don't apply in the case of a transfer that's a fraudulent transfer, for example. Those statutes are presuming there's a valid fraudulent transfer. I pause. You're 100% correct. Please forgive me. I misspoke. Those provisions are presuming there's a valid... Thank you. There's a valid transmutation, and you're saying now withstanding a valid transmutation, we're still going to allow creditors to deal with a fraudulent transfer. It's a fraudulent transfer. Sir? The main point is that the policies beyond... Let me just address the Summers case, if I may briefly, because I was raised by counsel. Counsel suggested that the Summers case, which is a bankruptcy case in which the California Supreme Court penalty said was unpersuasive, and she quoted was unpersuasive, dealt with a transmutation issue. The reality is that the California Supreme Court in Malmey explicitly stated in its description of Summers that it was unpersuasive to the court because or to the extent that it failed to take into account the policy of issues in disputes between spouses. And I'd like to cite that to the court explicitly. I think it's taken out of context a little bit. If I may quote from the California Supreme Court, it's on page 1405. As mentioned earlier, these last two decisions in Summers in referencing another case are not persuasive insofar as they purport to exempt from the transmutation requirements purchases made by one or both spouses from a third party during marriage. I believe that's what counsel cited. However, the court went on to say neither decision attempts to reconcile such an exemption with the legislative purposes in enacting those requirements, which was to reduce excessive litigation, introduction of unreliable evidence, and incentives for perjury in marital dissolution proceedings involving disputes. So even when the court criticized Summers, they were dealing explicitly with their policy with respect to marital dissolution proceedings. Essentially, they were saying it's only persuasive to the extent it is not recognizing that issue if you are a marital dissolution proceeding. Frankly, Your Honors, in Summers, the court was simply going through a litany of cases, including an old California Supreme Court case, and they were dealing with one aspect of the Valley decision. That aspect was to determine if the transmutation requirements had to apply to purchases from third parties rather than interspousal transactions. That is what the court did not like about Summers, as well as half a dozen other cases. The fact that Summers, in these other cases, said transmutation rules should only be applied when there's an interspousal transaction, yet the court did not suggest for a moment that the second part of its ruling, that in marital dissolution proceedings, that the title presumption applies. So it was dealing with considering the issues to a con situation. One, but always in marital dissolution proceedings, are you dealing with a purchase from a third party? Does that apply to transmutation? Yes, but the community property presumption and the transmutation statutes only from the title presumption in the case of marital dissolution proceedings, that was their holding. That was the policy they stated. Now, in terms of overall policies, there's a few policies at issue here. The first is, I would suggest that the lower court, both the magistrate judge who looked at this, as well as the district court judge, both concluded that the testimony that was given, and they looked at all of the testimony. It is clear from the record that they considered every exhibit, every single declaration. They made it clear that the testimony story council wasn't clear, that the district judge and the district judge reviewed the magistrate judge's R&R, the items that were struck because the local rule wasn't properly followed. The district judge had access to them. Yes, Your Honor, the district court judge, in the record, in the excerpt from the record, I believe at 10 and 14, noted and discussed all of these particular items that were struck. So the striking of these was merely a technicality. Both the magistrate judge and the district court judge carefully considered them and rejected them and said, the public policy point I want to come to is there is a public policy that involves truth telling and the integrity of the judicial system. The magistrate judge said, in 20 years as a prosecutor, in 10 years as a judge, he's never seen such perjurious testimony. The main policy, however, is the distinction which was raised clearly in Valley between the policy to protect creditors of the title presumption under Evidence Code 662, where they said explicitly in the concurrence that the policy of the title presumption is to protect the stability of titles and to protect creditors of third parties. This is not a situation, in this case, where the parties should be able to come in and say, we want to use the community property presumption and the transmutation issues to defeat community property. And the exact opposite of what Valley used it for. And the proceeding that involves creditors, where the entire family is getting together trying to concoct a story, they shouldn't be able to do that where Valley was very clear and explicit how it applied only in cases in dissolution between spouses. I don't think any other court, other than the California Court or the California Supreme Court, should make the determination to abstain that, particularly when there's the dichotomy of the other policy in the case between creditors. I apologize. Thank you. Good morning. And first, Your Honor, on reply four and five are some of the cases that we cited. There is Blue 98, Cal Reporter 2nd, 206. What is your very best case of the proposition that transmutation is improperly applied outside the marital context? There are any number of California cases. What's your very best case? What's the strongest case? I continue to think the State of McDonald is the fundamental. And there's no indication there. And the other cases that I cite apply it outside. And as I said, there's no California case that does not apply. And I think the court's specific reduction of Summers, as we discussed, is really telling. Because if Summers was incorrect, if Summers was correct, that it shouldn't apply in the bankruptcy context, the court could have simply said so and not instead rejected Summers. The State of Bibb is another case involving, it's a probate proceeding as well, involving a son who's claiming a property. Is there a response to opposing counsel's observation that the court, even though it criticized Summers, still reiterated the policy of transmutation concept within the marital context? So there's two responses. First, that is part of the motivation for the transmutation statute. As California courts have said, it also applies to assure a spouse of separate property entitlements are not undermined. That's what the State of Bibb was saying in the brief. Also to, quote, at least in part prevent spouses from making unintentional gifts of property. That's the last case that we quote in our briefs. So those are other policies underneath the transmutation statute. But in addition, the line directly after counsel stopped quoting in Valley was also these decisions, including Summers, are inconsistent, nor does either decision attempt to find a basis for the purported exemption in the language of the applicable transmutation statute. That is, the Valley in Valley, the California Supreme Court is saying it was improper to impose a limit to say the transmutation statute shouldn't apply to third-party purposes because there is no basis for that in the statutory language. Exactly the same result applies here. If you look at the statutory language, there is no reason to read in this limit. And finally, counsel noted that the courts looked at all the testimony given. My clients drove 300 miles to attend hearing, and the magistrate can allow them to testify. Stops at any attempt to that. But this Court would not get into any of those credibility considerations. As noted, the only documents this Court need to look at are ER 232 and 238. Those are third-party records where there is no question or no challenge to the authenticity of those particular documents. None of the district court or the magistrate had any concerns about the authenticity of these particular documents. The only problem was that they were attached to a declaration that the Court found objectionable. All right, counsel. Thank you. Thank you very much. Thank you. To both counsel for your arguments in this case, the case is argued. Please submit it for discussion at the Court. The next case on the agenda for argument is Providence v. The Permanent Digital News World.
judges: Schroeder, Rawlinson, Logan